**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **AARON LEE BENSHOOF,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. CIV-08-510-R |
| | ) |
| **LEWIS LAYTON, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Before the Court are the Report and Recommendation of the United States Magistrate Judge Robert E. Bacharach entered on February 6, 2009 [Doc. No. 41] and Defendants' Amended Objection to the Report and Recommendation filed March 2, 2009 [Doc. No. 46]. Also before the Court is Plaintiff's motion to supplement and/or amend pleadings filed February 6, 2009 [Doc. No. 42] by which Plaintiff seeks leave to file Document No. 39 as an amended or supplemental pleading. Plaintiff's motion for leave to file Doc. No. 39 as a supplement to Plaintiff's response to the Special Report [Doc. No. 31] is GRANTED. The Court reviews the Report and Recommendation of the Magistrate Judge *de novo* in light of Defendants' objection to it.

Defendants object to the Magistrate Judge's conclusion that a genuine issue of material fact exists as to whether the harm to Plaintiff was sufficiently serious to rise to the level of an Eighth Amendment violation. They argue that the DOC medical records squarely refute Plaintiff's claim that he was bitten 200 times and distinguish the cases cited by the Magistrate Judge to support his conclusion on the grounds the duration of Plaintiff's

exposure and other cell conditions, the frequency of extermination and the type of bug by which Plaintiff was bitten.  First, because Plaintiff's complaint is verified and thus treated as an affidavit, i.e., sworn, and the DOC medical records are not sworn, but even if they were, a genuine issue of material fact exists as to how many times Plaintiff was bitten. Secondly, the fact that DOC's medical records documented "15-20 red papules" on Plaintiff's right hand and "approximately 20-25 red papules" on Plaintiff's left foot and ankle on December 19, 2007 is not conclusive proof that between December 14, 2007, when Plaintiff was placed in 24 hour lockdown in a cell in the SHU, and December 20, 2007, when Plaintiff received an ant-killing insecticide, that Plaintiff did not sustain 200 fire ant bites. And although Plaintiff's circumstances and the seriousness of the harm to Plaintiff may be distinguishable from those in the cases cited by the Magistrate Judge, upon review of the entire record herein, including the Special Report and the 28 attachments thereto, the Court concurs in the Magistrate's finding that a genuine issue of material fact exists as to whether the alleged wrongdoing sufficiently harmed Plaintiff to satisfy the Eighth Amendment standard for cruel and unusual punishment.

Defendants also object to the Magistrate's finding that a genuine issue of material fact exists as to whether Defendants Mofield, Layton and Erod had a sufficiently culpable state of mind.  Again, upon the Court's review of the entire record herein, treating Plaintiff's second amended complaint as an affidavit, the Court agrees with the Magistrate Judge that a genuine issue of material fact exists as to whether Defendants possessed a sufficiently culpable state of mind.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 41] is ADOPTED and the motion of Defendants Lewis Layton, Eric Mofield and Jerry Elrod for partial dismissal and partial summary judgment [Doc. No. 29] is DENIED.

This matter is re-referred to Magistrate Judge Robert E. Bacharach in accordance with 28 U.S.C. § 636(b)(1)(B) for:

- Notification to the parties of their right to consent to referral of this action to a magistrate judge in accordance with Fed. R. Civ. P. 73(b); and

- Inquiry about the possibility of a request for counsel on behalf of Mr. Benshoof.  *See* Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(1).

IT IS SO ORDERED this 3rd day of March, 2009.

*[Signature]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE